USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
    UNITED STATES OF AMERICA,

               -against-                    22-CR-425 (VEC)

                                         <u>ORDER</u>

    CHIWENDU ALISIGWE,
                          Defendant.

-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS on November 15, 2023, the parties submitted their proposed jury instructions, *see* Gov. Jury Instructions, Dkt. 93; Def. Jury Instructions, Dkt. 95; and

        WHEREAS the Government proposes that the jury be instructed as to the bank fraud count and the two conspiracy counts that it must find that the Defendant acted willfully, *see* Gov. Jury Instructions, Dkt. 93 at 4, 8, 19;

        WHEREAS Alisigwe similarly proposes that the jury be charged for those counts that the Defendant must have acted willfully, *see* Def. Jury Instructions, Dkt. 95 at 5, 9, 13;

        WHEREAS the statute criminalizing bank fraud requires only that the defendant knowingly execute a scheme to defraud and does not require willfulness, *see* 18 U.S.C. § 1344; *cf.* 18 U.S.C. 1347(a)(health care fraud statute requires "knowing[] and willful[]" conduct);

        WHEREAS the Court agrees with Judge Oetken's holding in *United States v. Middendorf,* No. 18-CR-36 (JPO), 2019 WL 4254025, at *7 (S.D.N.Y. Sept. 9, 2019), that the mens rea for wire fraud is "a specific intent to defraud," not willfulness, *see id.*; *see also United States v. Blagojevich*, 794 F.3d 729, 739 (7th Cir. 2015);

        WHEREAS the bank fraud statute is, in this respect, virtually identical to the wire fraud statute and thus also requires only a "specific intent to defraud," and not willfulness;

WHEREAS, like the statutes criminalizing bank fraud and wire fraud, the statute prohibiting money laundering with which Defendant has been charged, 18 U.S.C. § 1956(a)(1)(B), requires intentional conduct, not willful conduct, *see United States v. Huezo*, 546 F.3d 174, 178 (2d Cir. 2008) ("The substantive offense of 'transactional money laundering' requires proof of both knowledge and specific intent.");

WHEREAS the "law of conspiracy requires the same [m]ens rea as would be required to support a conviction for a substantive violation," *United States v. Herrera*, 584 F.2d 1137, 1150 (2d Cir. 1978); and

WHEREAS, in light of *Herrera*, willfulness does not appear to be an element of conspiracy to commit bank fraud or conspiracy to commit money laundering because neither of the underlying substantive violations require willful conduct;

IT IS HEREBY ORDERED that the parties be prepared to address at the final charge conference the issues raised in this Order.

**SO ORDERED.**

**Date: December 8, 2023**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**